682 S.E.2d 487

**In the Matter of Frank Rogers ELLERBE, III, Respondent.**

**No. 26692.**

Supreme Court of South Carolina.

Submitted June 30, 2009.

Refiled Aug. 20, 2009.

Lesley M. Coggiola, Disciplinary Counsel, and Barbara M. Seymour, Deputy Disciplinary Counsel, of Columbia, for Office of Disciplinary Counsel.

John Barton, of Columbia, and Burnet Rhett Maybank, III, of Nexsen Pruet, of Columbia, for Respondent.

## ORDER

Respondent has petitioned the Court for rehearing in this matter. We grant the petition, withdraw Opinion Number 26692 filed July 27, 2009, and substitute the attached opinion.

IT IS SO ORDERED.

s/ John H. Waller, Jr., A.C.J.

s/ Costa M. Pleicones, J.

s/ Donald W. Beatty, J.

s/ John W. Kittredge, J.

TOAL, C.J., not participating.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement

for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to the imposition of a ninety day suspension from the practice of law. We accept the Agreement and suspend respondent from the practice of law in this state for ninety days, retroactive to the date of his interim suspension.[1] The facts, as set forth in the Agreement, are as follows.

## FACTS

Respondent pled guilty to one count of failure to file state income tax returns. Respondent's sentence included a fine and payment of the costs of prosecution. Respondent has paid the taxes owed, the fine and the costs of prosecution.

## LAW

Respondent admits that by his conduct he has violated Rule 8.4(b) of the Rules of Professional Conduct, Rule 407, SCACR (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice). We also find respondent violated the following Rules of Professional Conduct: Rule 8.4(a)(it is professional misconduct for a lawyer to violate the Rules of Professional Conduct); Rule 8.4(b)(it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness); and Rule 8.4(d)(it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation).

Respondent also admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(4) (it shall be a ground for discipline for a lawyer to be convicted of crime of moral turpitude or serious crime); Rule 7(a)(5) (it shall be a ground for discipline for a lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law). We also find respondent has violated Rule 7(a)(1), RLDE, Rule 413, SCACR (it shall be a ground for discipline for a lawyer to violate the Rules of Professional Conduct or

---

1. Respondent was placed on interim suspension on May 14, 2009. *In the Matter of Ellerbe*, 382 S.C. 606, 677 S.E.2d 596 (2009).

any other rules of this jurisdiction regarding professional conduct of lawyers).

## *CONCLUSION*

We find a ninety day suspension is the appropriate sanction for respondent's misconduct. Accordingly, we accept the Agreement for Discipline by Consent and suspend respondent from the practice of law for a ninety day period, retroactive to the date of his interim suspension. Respondent shall fulfill all obligations of his sentence before he may file a Petition for Reinstatement under Rule 32, RLDE. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

WALLER, Acting Chief Justice, PLEICONES, BEATTY and KITTREDGE, JJ., concur. TOAL, C.J., not participating.