# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Randall DeWitt Williams, Respondent

Appellate Case No. 2023-000201

Opinion No. 28141
Submitted February 23, 2023 – Filed March 15, 2023

**DEFINITE SUSPENSION**

Assistant Disciplinary Counsel Kelly B. Arnold and
Assistant Disciplinary Counsel Jeffrey I. Silverberg, both
of Columbia, for the Office of Disciplinary Counsel.

Peter Demos Protopapas and George Michael Pappas, Jr.,
both of Rikard & Protopapas, LLC of Columbia, for
Respondent.

**PER CURIAM:**   In this attorney disciplinary matter, Respondent and the Office
of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by
Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary
Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court
Rules (SCACR).  In the Agreement, Respondent admits misconduct and consents
to the imposition of a confidential admonition, a public reprimand, or a definite
suspension of up to ninety-days and agrees to pay costs.  We accept the Agreement
and suspend Respondent from the practice of law in this state for ninety days.

**I.**

On July 30, 2021, Respondent was charged with four misdemeanor counts of
failing to pay state income tax and file state income tax returns for the 2015, 2016,
2017, and 2018 tax years.  Respondent timely self-reported his misconduct to
ODC.  The total unpaid tax amount was $14,165.  Following his arrest, Respondent
filed all outstanding tax returns and paid the taxes owed.  On January 18, 2023,

Respondent entered a guilty plea to one misdemeanor count of failing to pay state income tax and file a return. *See* S.C. Code Ann. § 12-54-44(B)(3) (providing a person who "wilfully fails to pay any estimated tax . . . and who wilfully fails to make a return" is guilty of a misdemeanor). Respondent was fined $125 and sentenced to time served without probation. Respondent paid the fine on January 23, 2023, successfully completing all conditions of his sentence.

## II.

Respondent admits that his conduct violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(b) (prohibiting a crime that reflects adversely on fitness as a lawyer); and Rule 8.4(e) (prohibiting conduct prejudicial to the administration of justice). Respondent also admits his conduct is grounds for discipline under the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (providing a violation of the Rules of Professional Conduct is a ground for discipline); Rule 7(a)(4) (providing conviction of a serious crime is a ground for discipline)[1]; and Rule 7(a)(5) (providing conduct tending to bring the legal profession into disrepute or conduct demonstrating unfitness to practice law is a ground for discipline). Respondent agrees to the imposition of a confidential admonition, public reprimand, or definite suspension up to nine months and agrees to pay costs.

In his affidavit in mitigation, Respondent explains that beginning in 2012, his mother's mental and physical health began to deteriorate as her Alzheimer's disease progressed. Respondent became healthcare power of attorney for both his aging parents and cared for their needs as best he could while maintaining a busy legal practice. Respondent admits he turned to alcohol "as an escape" and that he had become dependent on alcohol during the period of time in which he neglected his tax responsibilities. Respondent's mother passed away in 2018.

Respondent has been sober since October 29, 2019, when he entered a six-week inpatient treatment program in Texas. Since completing inpatient treatment, Respondent continues to regularly attend AA meetings and entered into a one-year monitoring contract with LHL in August 2021. Respondent also serves as a mentor to others in recovery, including through AA and speaking to others not only at events in South Carolina but also at the facility in Texas where he received inpatient treatment. Respondent has also developed a faith-based approach to

---

[1] *See* Rule 2(bb), RLDE, Rule 413, SCACR (defining a "serious crime" as including the "wilful failure to file income tax returns").

overcoming conflict and enhancing mental and emotional well-being, and he has attended a program focused on restorative practices to resolve conflict.

## III.

We hereby accept the Agreement. Although we are sympathetic to Respondent's personal difficulties, we find a definite suspension is warranted. *See, e.g.*, *In re Ellerbe*, 384 S.C. 418, 682 S.E.2d 487 (2009) (imposing a ninety-day suspension for failure to file tax returns); *In re Thornton*, 340 S.C. 392, 532 S.E.2d 282 (2000) (imposing a ninety-day suspension for failure to file tax return); *In re Chastain*, 327 S.C. 173, 488 S.E.2d 878 (1997) (imposing a ninety-day suspension for failure to file state income tax returns for several years). Accordingly, we suspend Respondent from the practice of law in this state for a period of ninety days.

Within fifteen days of the date of this opinion, Respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR. Within thirty days, Respondent shall pay the costs incurred in the investigation and prosecution of this matter by Disciplinary Counsel and the Commission on Lawyer Conduct.

**DEFINITE SUSPENSION.**

**BEATTY, C.J., KITTREDGE, FEW, JAMES and HILL, JJ., concur.**